<hr/>

(No. 89-CV-1402–

*In re* APPLICATION OF CHERYL ROSS

*Order filed October 28, 1991.*

CHERYL ROSS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MA-HER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Montana, C.J.

This claim arises out of an incident that occurred on June 30, 1988. Cheryl Ross, applicant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq.*

On January 26, 1990, based on an investigatory report from the office of the Attorney General, this Court denied compensation on the grounds that applicant was a knowing participant in a cocaine transaction with her boyfriend on June 30, 1988. During the alleged cocaine transportation, she was shot in the head and suffered partial blindness. Applicant filed a timely petition for a hearing, objecting to the conclusions in the order.

At the hearing on November 16, 1990, applicant testified that she was not a knowing participant in any narcotics transportation on the day she was shot. In addition, applicant's testimony was corroborated by a witness, Deborah Bates, who testified that she had known applicant for 20 years and that she had never known her to be involved in the sale of narcotics.

The State of Illinois did not present any testimony to contradict the testimony of Ross and her witness. The State introduced police reports on the incident to which the applicant voiced no objection. The reports contained hearsay evidence of individuals involved in and charged with the shooting. Such reports are admissible in claims under the Act in the discretion of the Commissioner hearing the case. (740 ILCS 45/13.1.) However, the Court will only give such reports the weight they deserve under the circumstances and with knowledge of their technical legal deficiencies.

Having weighed the evidence in this case, it is hereby ordered that the order of January 26, 1990, is reversed with a finding that the applicant's conduct did not contribute to her injuries.

Applicant also presented information regarding her losses which include medical expenses and possible lost wages. As the primary focus of the hearing was the grounds for the initial denial of benefits, this issue was not fully litigated. The record does indicate that $1,071 is owed to Michael Reese Hospital, that $1,200 is owed to an ocularist, Robert B. Scott, and that $203 is owed the City of Chicago for ambulance services. The record is inconclusive as to expenses covered by public aid and lost wages.

It is hereby ordered that awards are made to the applicant and the providers noted above and co-payable in said amounts. It is further ordered that the claim is referred to the office of the Attorney General for further investigation and report on the issues of public aid coverage and lost wages. This order will not become final for 30 days during which time any objections hereto on this issue of public aid coverage must be raised.