(No. 86-CV-1310)

*In re* APPLICATION OF NELDA M. COLE

*Order filed February 25, 1987.*
*Opinion and order filed March 17, 1989.*
*Order filed October 17, 1991.*
*Order filed December 9, 1993.*

NELDA M. COLE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SALLIE MANLEY and SUZANNE J. SCHMITZ, Assistant Attorneys General, of counsel), for Respondent.

## OPINION AND ORDER

Dillard, J.

This claim is brought by Nelda Cole for compensation under the Crime Victims Compensation Act (Ill. Rev. Stat. (1987), ch. 70, par. 71 *et seq.*) following the death of her husband on February 4, 1986. Claimant makes application for compensation as a "person who was dependent upon the deceased victim of a crime of violence for [her] support at the time of the death of that victim." Ill. Rev. Stat. (1987), ch. 70, par. 72(a).

### Facts

Decedent's body was found on February 5, 1986, in a six-foot drainage ditch with mud banks in rural Mont-

gomery County. It was determined death was caused by drowning and testing revealed a blood alcohol level of .36.

The sheriff's investigation resulted in the arrest of two Montgomery County men—Michael Daniels and Danny Sanford. Daniels gave a statement to police that he and Sanford were at a local tavern with Cole at 9:00 p.m. on February 4, 1986, when Cole asked them for a ride to someone's home. After driving around the rural areas for 15-30 minutes, Daniels asked the driver Sanford to stop because he needed to urinate. After Daniels exited the car he heard a "thump" and turned around. He stated that Sanford had thrown Cole down onto the ground, knocking off the victim's glasses, took his wallet and went through the victim's pockets. Sanford and Daniels then got back into their car, after they kept Cole's wallet and $60. They then drove away, leaving Cole lying conscious on the edge of the roadway. Both men were charged with robbery under section 18—1 of the Criminal Code, Ill. Rev. Stat. (1987), ch. 38, par. 18—1.

The Attorney General submitted an investigatory report that concluded that the victim died as a result of accidental drowning and that, since accidental drowning was not one of the crimes of violence defined in section 2(c) of the Crime Victims Compensation Act (Ill. Rev. Stat. (1987), ch. 70, par. 72), the Claimant was not entitled to compensation. This court entered an order adopting the findings and conclusions of the investigatory report and denying the claim. Claimant appealed pursuant to section 13.1(a)(3) of the Act. (Ill. Rev. Stat. (1987), ch. 70, par. 83.1(a)(3).) A hearing was subsequently held before a commissioner.

### The Commissioner's Hearing

At the hearing, the investigation reports of the Montgomery County Sheriff and the transcript and records of

the coroner's inquest were admitted into evidence (Ill. Rev. Stat. (1987), ch. 70, par. 83.1(b).) Also, the investigator for the Montgomery County Sheriff testified describing the condition of the victim when the body was found. There were cuts and bruises on Cole's face and the investigator concluded these were a result of the victim being thrown onto the gravel roadway. Also, he opined that after the two assailants departed, the victim—who was virtually blind without his glasses—stumbled into the drainage ditch. Because the sides of the ditch were wet mud, he was unable to crawl out (marks on the sides were found where he apparently tried to do so), and drowned in the water, which was high because of recent rains. In response to hypothetical questions, the sheriff's investigator said that: (1) given the level of intoxication, that condition alone would have prevented Cole from escaping the ditch; (2) even if Cole had not been intoxicated, without his glasses he could not have escaped the ditch; and (3) the injuries themselves were not severe enough alone to prevent Cole from escaping the ditch but contributed to preventing him from escape.

## Issues

The initial issue is whether Arnold Cole was killed due to a crime of violence perpetrated or attempted against him. (Ill. Rev. Stat. (1987), ch. 70, par. 72(d)(1).) A crime of violence means and includes offenses defined in specified sections of the Criminal Code. (Ill. Rev. Stat. (1987), ch. 70, par. 72(c).) Robbery, the offense with which Sanford and Daniels were charged, is not included in such statutory list. However, both assault under section 12—1 and battery under section 12—3 of the Criminal Code are included. (Ill. Rev. Stat. (1987), ch. 38, pars. 12—1, 12—3.) The actions of Sanford satisfy the elements of either offense, as those actions were described by Daniels. There

is no requirement in the Act that the perpetrator be charged or convicted of the crime of violence. We therefore find that Cole was a victim of a crime of violence.

The second element of section 2(d)(1) of the Crime Victims Compensation Act requires that the victim be "killed or injured * * * as a result of" the crime of violence. Since the claim is made for the death of Cole, the injuries he received from the assault are not at issue. Rather, the issue is whether Cole was killed "as a result of" the assault.

There is no requirement in section 2(d) that the death be a *direct and proximate* result of the crime. Rather, the legislature limited the wording to the less stringent requirement of simply "a result of." This reading of section 2(d) is consistent with the provisions of section 10.1 of the Act relating to compensation (Ill. Rev. Stat. (1987), ch. 70, par. 80.1). Section 10.1(d) provides:

"[A]n award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or *contributed* to his injury or death, or the extent to which any prior criminal conviction or conduct of the victim may have *directly or indirectly contributed* to the injury or death of the victim." (Emphasis added.)

The language allows reductions based upon the conduct of the victim but does not require a "direct and proximate" measure. Reading sections 2(d) and 10.1(d) in concert, it is most reasonable to conclude that the legislature intended that the conduct of the victim—as well as the conduct of the perpetrator—of the crime be judged as to whether it had any measurable connection with the injuries or death. If such measurable connection is found, then the evidence satisfies the "result of" requirement of section 2(d)(1) of the Act.

The evidence in this case is that Arnold Cole was thrown to the ground and had eyeglasses knocked off. As

a result he suffered bodily injuries, sufficient to at least limit his ability to escape from the drainage ditch. Left in that condition by his assailants, Cole stumbled into the ditch. Unable to escape the high water, he drowned. Therefore, we find that the death can be attributed to a measurable degree to the assault because of the injuries. Also, we find that Claimant is entitled to compensation as a dependent of the victim.

The evidence is that the victim's funeral expense was $3,002.18 and his burial expenses were $100. Of this, $255 was paid by Social Security and $645 by the Illinois Department of Public Aid. The balance was paid by Lyle Cole, the victim's brother. There were no medical and hospital expenses.

The victim was 48 years old at the time of his death. He had been a construction worker but had suffered several heart attacks. As a result, he had been disabled for about one year. His only source of income was $455 monthly from Social Security disability benefits. The record does not contain evidence as to whether Claimant was receiving any widow's portion of the victim's Social Security benefits or any other public assistance income, nor is there adequate evidence as to other potential deductions under section 10.1(e) and 10.1(g) of the Act.

Having reviewed the evidence as to the cause of death, however, we were able to make findings under section 10.1(d) of the Act. Based upon the testimony and record evidence, we find that the victim's conduct of voluntary intoxication contributed to his death to the extent of 50%. Therefore, it is hereby ordered that any award should be reduced by 50% under section 10.1(d).

It is further ordered that this claim be returned to the Attorney General for investigation as to the amount of

loss of support and the amount of any deductions under section 10.1(e) and 10.1(g), and whether any award for funeral and burial expenses should be made to Claimant or to Lyle Cole, victim's brother, who actually paid the unpaid portion of those expenses.

## ORDER

BURKE, J.

This cause coming to be heard upon the Respondent's motion to dismiss, all parties having notice and the Court being fully advised in the premises, the Court finds:

(1) That the instant case was heard and an order entered on March 13, 1989, directing the matter to Attorney General for investigation.

(2) That the Attorney General followed the above order and made reasonable attempts to investigate.

(3) That Claimant failed to cooperate with the investigation.

(4) That Respondent filed a motion to dismiss and Claimant was given time to respond.

(5) That Claimant continues to be uncooperative.

It is hereby ordered that Respondent's motion to dismiss is granted and the instant case is dismissed with prejudice.

## ORDER

BURKE, J.

This cause coming to be heard upon the Court's motion, and the Court being fully advised in the premises, the Court finds: That the Claimant died on January 23, 1992.

569

It is hereby ordered that the instant case is dismissed.