(No. 95-CV-1587—

*In re* APPLICATION OF TAMA BUSS

*Order filed May 10, 1999.*

CHATHAM & BABKA (GREY CHATHAM, of counsel), for Claimant.

JIM RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

This claim is before the Court on a hearing for compensation filed by Tama Buss under the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act (740 ILCS 45/1 *et seq.*). The Claimant filed an

application alleging she was entitled to compensation because her 18-year-old daughter, Toni Buss, was killed in an automobile accident involving a drunken driver on December 6, 1993.

An order was entered by this Court denying the claim based on the victim's contributory conduct, pursuant to section 10.1(d) of the Act. Specifically, the Court ruled that the victim's conduct of illegally consuming alcoholic beverages while knowingly riding in a vehicle with a driver who was intoxicated contributed to her death to the extent that the Claimant should be denied compensation. The Claimant made a timely request for a hearing pursuant to section 13.1 of the Act. A hearing was held on August 11, 1998. Evidence adduced at the hearing consisted of the Claimant's testimony, a copy of a plea to charge and sentencing and medical and funeral bills. The Respondent attempted to enter into evidence police reports regarding the traffic accident that included witness statements and a statement from Dennis Kane, who was convicted of reckless homicide in connection with the accident. Counsel for the Claimant objected on the grounds of hearsay and the Court took the objection under advisement.

Regarding the hearsay objection, this Court has held that police reports containing hearsay evidence of individuals involved in, and charged with, the incident in question are admissible in claims in the discretion of the Commissioner hearing the case. (*In re Application of Ross* (1991), 47 Ill. Ct. Cl. 561, 562.) However, the Court will only give such reports the weight they deserve under the circumstances and with knowledge of their technical legal deficiencies. Therefore, the Commissioner overruled the Claimant's objection to admission of the police reports as evidence.

The Claimant's only pertinent testimony regarding the victim's actions was that the victim had left her home on the night of the accident to show an acquaintance how to get to a friend's house. According to the police reports and statements of the witnesses and Mr. Kane, Dwayne Tottleben, Dennis Boss and Dennis Kane went to the victim's residence so that the victim could direct them to the home of a tattoo artist. On the way, Kane stopped and bought a bottle of liquor and soda. There were some conflicting statements as to whether Kane also bought beer at that time or later. During the group's travels that night, they all were drinking alcohol. There was also a statement that they smoked marijuana. Kane stated that it was his intention to get the victim drunk so that he could have a sexual encounter with her. All of the statements, taken together, establish that the occupants of the car had all been drinking. There is no evidence to contradict that the victim knew that Mr. Kane was drinking that night and could be impaired.

Pursuant to section 10.1(d) of the Act, this Court has denied or reduced compensation in circumstances where a victim knowingly placed himself in a dangerous situation. (*Ford v. State* (1995), 47 Ill. Ct. Cl. 580; *In re Application of Cole* (1989), 46 Ill. Ct. Cl. 561.) In *Ford*, the award was reduced by 25 percent because the victim had prior dealings with drug dealers. Although the victim had rehabilitated himself, one of the drug dealers with whom he had previously dealt was trying to collect money from the victim and shot the victim. In the *Cole* case, the award was reduced by 50 percent because his voluntary intoxication contributed to his death. The victim had been attacked and fell into a drainage ditch. The victim could not crawl out of the ditch due to his intoxication, the loss of his glasses and the injuries he sustained in the assault. He drowned in the ditch.

The courts of this state also have considered whether the actions of a personal injury plaintiff in remaining in a vehicle with an intoxicated driver constitute contributory negligence. (*Rice v. Merchants National Bank* (2nd Dist. 1991), 213 Ill. App. 790, 572 N.E.2d 439, 157 Ill. Dec. 370.) In *Rice*, the Appellate Court affirmed a jury's verdict reducing an award by one-third because the plaintiff knew that beer was purchased near the beginning of the trip and that the driver consumed some of the beer. The plaintiff also had an opportunity to leave the car when it stopped at a restaurant.

This case is very similar to the *Rice* case. There is no evidence to contradict that the victim knew that alcohol was purchased and was being consumed by the driver. It also is apparent that the victim had opportunities to leave the vehicle during any one of the numerous stops the group made that night. Therefore, the Court finds that the victim contributed to her death.

The next question is whether the claim should be denied or reduced on this basis. The Court would be well within the parameters of the law to deny the claim outright on the basis of the victim's contributory behavior. However, the Court believes there are mitigating circumstances that show the victim may not have been able to exercise ordinary due care expected of a reasonable person. The victim was a teenager, subject to peer pressure, and an older man was making a concerted effort to get her drunk in order to have sex with her. In addition, the cases cited above show that, in such cases of contributory acts or negligence, awards are customarily reduced by between 25 and 50 percent.

Regarding the amount of compensation, the Claimant submitted medical and funeral bills for the victim which totaled $14,723.95. Specifically, medical bills totaled $6,476.20. Of this, insurance paid $1,310.35, leaving

unreimbursed medical expenses of $5,165.85. Funeral and burial expenses totaled $8,246.87. Of this, insurance paid $3,000, leaving unreimbursed funeral and burial expenses of $5,246.87. Pursuant to section 2(h), funeral and burial expenses are compensable up to a maximum of $3,000. Thus, the total amount of compensable expenses is $8,166.70. With a 50 percent reduction for the contributory acts of the victim, the award should total $4,083.35.

Therefore, the Court awards the Claimant $4,083.35 as full satisfaction of this claim.